## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JOEL IVERSON GILBERT,** | ) | **Civil Action Number** |
| **STEVEN GEORGE MCKINNEY,** | ) | **2:17-cr-00419-AKK-TMP** |
| **DAVID LYNN ROBERSON,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is David Roberson's motion for a pretrial *James* hearing to rule on the admissibility of all Rule 801(d)(2)(E) co-conspirator statements that the Government may seek to introduce at trial, doc. 60, which Joel Gilbert and Steven McKinney have adopted. *See* doc. 108. Based on the relevant law, the motion is due to be denied.

Before Congress promulgated the Federal Rules of Evidence, out-of-court statements by co-conspirators made in furtherance of the conspiracy—though technically hearsay—were admissible under the legal fiction that they are opposing party admissions. That is, under common law agency principles, each co-conspirator is an agent of the other, and thus the declaration of one is attributable to all. *See* David S. Davenport, *The Confrontation Clause and the Co-Conspirator Exception in Criminal Prosecutions: A Functional Analysis*, 85 Harv. L. Rev.

1378, 1385 (1972).  But allowing the jury to hear such statements before the court deems them admissible "endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror, despite instructions to disregard the statements or to consider them conditionally."  *United States v. James*, 590 F.2d 575, 579 (5th Cir. 1979) (en banc).  To obviate this danger, the former Fifth Circuit instructed district courts to require, "whenever reasonably practicable," that proponents of out-of-court co-conspirator statements first prove the existence of the conspiracy and the statement's connection to it in a separate hearing before admitting the statement.  *Id.* at 582.

Although courts risk "manifestly greater danger of error" without holding the so-called *James* hearing, the hearing is not mandatory.  *See United States v. Ricks*, 639 F.2d 1305, 1308-09 (5th Cir. 1981) (holding that courts may "proceed without the clumsiness of bifurcated testimony from individual witnesses" when the Government's predicate facts are "substantial," or when it would not be "reasonably practicable" to conduct a separate pretrial hearing).  Indeed, even the *James* court allowed for courts to dispense with the hearing and to conditionally admit out-of-court co-conspirator statements, subject to the Government "connect[ing] up" the statement to the conspiracy later.  *James*, 590 F.2d at 581.  This entailed a showing of "substantial independent evidence" of the predicate

facts—that a conspiracy existed; that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy; and that the statement was made in furtherance of the conspiracy. *Id.* at 583.

After the *James* decision, the Supreme Court clarified that the proponent of such a statement need only prove the predicate facts by a preponderance of the evidence and that courts may consider the statement itself, in conjunction with independent evidence, when determining its admissibility. *Bourjaily v. United States*, 483 U.S. 175-80 (1987) (rejecting a rule prohibiting "bootstrapping" because co-conspirator statements may "themselves be probative of the existence of a conspiracy and the participation of both the defendant and the declarant in the conspiracy"). Congress subsequently codified this rule in the Federal Rules of Evidence. *See* Fed. R. Evid. 801(d)(2)(E). Still, post-*Bourjaily*, the practice of conducting *James* hearings has continued in this Circuit. *See e.g.*, *United States v. Tipton*, 572 F. App'x 743, 747 (11th Cir. 2014); *United States v. Harrison*, 246 F. App'x 640, 653 (11th Cir. 2007). Courts have noted, however, that *Bourjaily* "significantly alleviated the dangers addressed in *James* by holding that the threshold for the admissibility of Rule 801(d)(2)(E) statements is lower than the standard expressed in *James*." *United States v. Sotolongo*, No. 6:13-CR-99-ORL-37KRS, 2014 WL 906130, at *1 (M.D. Fla. Mar. 7, 2014); *see also United States*

*v. Stevens*, No. CR 3-09-004, 2009 WL 2842741, at \*7 (S.D. Ga. Sept. 1, 2009) (holding that *Bourjaily* "lessened" the "need for a *James* hearing").

Turning now to the specifics here, the Defendants argue first that a *James* hearing is necessary because the "cost of a mistrial would be extremely high," given the complexity of the case and that the trial is expected to last four to six weeks. Doc. 60 at 3. But the "practical underpinnings to *James*'s pretrial-hearing preference were significantly undermined by [*Bourjaily*]," as courts may now consider the content of co-conspirator statements themselves to determine their admissibility. *See United States v. Johnson*, No. 2:12-CR-84-MHT, 2012 WL 5392267, at \*1 (M.D. Ala. Nov. 5, 2012). *Bourjaily* thus "amplified" an already liberal standard and reduced the likelihood of a mistrial based on the admission of purported Rule 801(d)(2)(E) statements. *See United States v. Byrom*, 910 F.2d 725, 735 (11th Cir. 1990).

Next, the Defendants argue that a *James* hearing is "reasonably practicable" because the trial is still a few months out. Doc. 60 at 4. The court disagrees because the conspiracy evidence "lies at the heart of" the Government's case, doc. 82 at 7-9, and a *James* hearing would likely last multiple days, especially given the complexity of the case. *See Ricks*, 639 F.2d at 1308-09 (holding that a *James* hearing is not reasonable practicable when it would effectively require "trying the case twice"); *United States v. Lippner*, 676 F.2d 456, 464 (11th Cir. 1982)

4

("[U]nder the circumstances a *James* hearing would in essence have required trying the case twice."); *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987) ("[T]he pretrial [*James*] hearing would have taken approximately one week and would have involved recalling the officers, witnesses, and counsel in a complicated and repetitive procedure.").

The court also disagrees that a *James* hearing would promote judicial economy, doc. 91 at 6, or that "it would be a pittance" compared to holding multiple trials, doc. 94 at 8-9. The complex nature of the charges notwithstanding, allowing the Government to put on its case-in-chief in a single cohesive setting best serves the interests of judicial economy by avoiding complex, piecemeal litigation. Moreover, the risk of prejudice to the Defendants is low because the Government has produced "a large number of statements made by the co-conspirators, including in hundreds of emails and other documents." *See* doc. 82 at 7. The Defendants therefore have time to prepare specific objections to any purported Rule 801(d)(2)(E) statements they believe are inadmissible.

Finally, the Defendants contend that the danger of prejudice is high because the indictment alleges no unlawful activity during the bulk of the purported conspiracy and because the Government may seek to introduce statements by unindicted co-conspirators. Docs. 60 at 3-4; 91 at 1-7; 94 at 1-10. However, the Government has asserted that it currently knows of no unindicted co-conspirators.

Docs. 75 at 6; 76 at 8. Therefore, there is no "substantial risk that the Government may try to introduce out-of-court statements from several unknown co-conspirators." *See* docs. 60 at 5; 94 at 9-10. And, should that change, in its order denying the motions for a bill of particulars, the court has ordered the Government to identify those individuals if (1) it plans to call them as witnesses, and (2) their identities are essential for the Defendants to understand the charges against them. *See* doc. 110. Likewise, as the court explained in that same order, there is no merit to the Defendants' argument about the alleged failure to allege any unlawful acts during the bulk of the purported conspiracy. *See* doc. 110.

## CONCLUSION AND ORDER

For these reasons, the court agrees with the Government that a *James* hearing would grant a windfall of discovery to the Defendants and give them a sneak preview of the Government's theory. Accordingly, because the Defendants are not entitled "to compel the government to [offer a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial," *see United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980), the motion for a pretrial *James* hearing, doc. 60, is **DENIED**.

**DONE** the 4th day of May, 2018.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE