# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA (SOUTHERN DIVISION)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **2:17-CR-419-AKK-TMP** |
| **JOEL IVERSON GILBERT, et al.** ) | |
| ) | **Oral Argument Requested** |
| **Defendants.** ) | |

## MOTION TO QUASH SUBPOENA FOR DOCUMENTS AND TO TESTIFY AT TRIAL OR IN THE ALTERNATIVE TO LIMIT SCOPE OF SUBPOENA

GASP, by and through its counsel, Haley Colson Lewis, moves to quash, or in the alternative, to limit the "Subpoena to Testify at a Hearing or at Trial of a Criminal Case" served by Defendant Joel Iverson Gilbert on GASP. The Court should quash the subpoena directing GASP to testify and to produce the documents enumerated in ATTACHMENT A (EXHIBIT A), or in the alternative, limit the scope of the testimony. The subpoena was served as a fishing exercise and is unreasonable and oppressive.

## BACKRGOUND

On September 27, 2017, Defendant Joel Iverson Gilbert was indicted as part of a multi-count indictment. The indictment generally alleges conspiracy, bribery,

1

honest services wire fraud and money laundering conspiracy. On May 31, 2018, counsel for Gilbert issued a trial subpoena to GASP. On June 14, 2018, GASP received the trial subpoena via U.S. Postal Service commanding GASP to appear at trial and to produce a number of different documents by June 25th.

GASP is a Birmingham based 501(c)(3) nonprofit health advocacy organization whose mission is to reduce air pollution through education and advocacy. GASP has two full time employees and one part time employee. It has an annual budget of $264,000.

## LEGAL STANDARD

A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive'. *U.S. v. Nixon*, 418 U.S. 683, 698 (1974). Additionally, "[t]he burden is upon the requesting party to show that the desired witnesses are necessary to an adequate defense." *U.S. v. Hang*, 75 F.3d 1275, 1282 (8th Cir. 1996).

## ARGUMENT

**I.  Defendant's subpoena for documents is both unreasonable and oppressive under Fed. R. Crim. P. 17(c)(2) as it is unlimited in time, seeks a broad array of documents with no specificity, and seeks records which are irrelevant.**

Federal Rule of Criminal Procedure 17(c) provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. (17)(c)(l). Federal Rule of Criminal

2

Procedure 17(c)(2), however, provides that a court may quash this subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Rule 17(c) was not intended to serve as a discovery device for criminal cases. In fact, a criminal defendant is entitled to rather limited discovery. *Compare* Fed. R. Crim. P. 16 *with* Fed. R. Civ. P. 26(b)(1); *see also Degen v. U.S.*, 517 U.S. 820, 825-26 (1996) (comparing limited discovery in criminal cases and the broad discovery in civil cases).

A party seeking information pursuant to Rule 17(c) must demonstrate "that the application is made in good faith and is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 699-700. Additionally, "[a] party seeking production of documents under Federal Rule of Criminal Procedure 17(c) 'must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.'" *U.S. v. Sandoval*, 2010 WL 2757188 at 1 (S.D. Fla. July 13, 2010) (citing *U.S. v. Nixon*, 418 U.S. at 700) (granting motion to quash in part because subpoena was not relevant). Defendant Gilbert has not shown that the documents requested are relevant and has not designated them with an appropriate degree of specificity. The subpoena at issue seeks:

> a) Documents reflecting GASP's sources of funding relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the National Priorities List (the "NPL").

b) Contracts with consultants or any individual or entity relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

c) Documents reflecting GASP's expenditures relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

d) Communications with consultants or any individual or entity working on behalf of or with GASP in any way in connection to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

e) Communications with the Environmental Protection Agency (the "EPA"), the United States Attorney's Office for the Northern District of Alabama (including any of its representatives) and/or the Federal Bureau of Investigation (the "FBI") or the Internal Revenue Service (the "IRS") relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

f) Communications with any lawyers, law firms, or anyone acting on their behalf, including attorney U.W. Clemon and the law firms Hare, Wynn, Newell & Newton and/or Cory Watson, relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

g) Communications with residents in North Birmingham, Tarrant, Inglenook and Collegeville relating to the 35th Avenue Superfund site; the potential expansion of that site to include the committees of Tarrant and Inglenook; and the potential inclusion of the site on the NPL.

A. <u>The requests are irrelevant.</u>

The Defendant's document requests in the subpoena are unreasonable and oppressive in that they seek information which is not relevant to the Defendant's claims or defenses. Conclusory statements indicating a "mere hope" that something of value might turn up are insufficient. *See U.S. v. Gikas.* 112 F.R.D. 198, 201 (D. Mass. 1986). "[T]he documents sought cannot be potentially relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought." *U.S. v. Burger.* 773 F. Supp. 1419, 1425 (D. Kan. 1991). In first looking to relevancy and admissibility, the Court turns to the rules of evidence. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more ... or less probable than it would be without the evidence." *See, Nixon,* 418 U.S. at 700; Fed. R. Evid. 401; *U.S. v. Milton* No. 1265 (M.D. Ala. 2011) (order granting motions to quash subpoenas) (attached as Exhibit B). The subpoena asks for GASP's sources of funding, expenditures, communications with consultants and residents. These will not have "any tendency" to make more or less probable any of the facts in the crimes with which Mr. Gilbert is being charged – namely conspiracy, bribery, honest services wire fraud and money laundering conspiracy. Defendant has not even attempted to explain why this information is relevant. This request appears to be nothing more than an impermissible last-minute fishing expedition undertaken in hopes of discrediting or besmearing GASP, and GASP is not a party to this case.

5

B. <u>The requests are nonspecific.</u>

The requests in the subpoena do not specify a time frame for each request. It requests communications with "any individual or entity," "any lawyers" and "anyone" in "any way" in connection with the Superfund sites. These requests are overly broad and encompass any person with whom GASP has ever communicated or contracted regarding the sites. GASP has been involved in advocating for cleaner neighborhoods in the superfund sites since GASP was founded in 2009. A request for all communications is not sufficiently specific or limited in scope.

C. <u>The requests are unreasonable.</u>

GASP is a small nonprofit health advocacy organization with a small budget that is juggling many different matters. GASP staff will have to spend hours searching for and preliminarily compiling responsive documents. It is unduly burdensome to ask GASP with a shoestring budget to produce thousands of pages of records which are of questionable relevance.

Additionally, producing donor lists would harm the organization in the future. Just as in the private sector, the nonprofit sector has customer lists (in this case donor lists) that are proprietary to the organization and important to fundraising.

Further, the donor list should not be produced for fear that these donors will be harassed. Compelled disclosure of membership in an organization engaged in advocacy of particular beliefs violates freedom of association. *See*, *Nat'l Ass'n for*

6

*Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs.")  Producing these lists in this criminal trial creates an exceptional hardship on GASP from a production standpoint as well as from a future donations standpoint.

D. <u>Requests d) and f) violate GASP's attorney client privilege and work product privilege.</u>

Where request d) requests the production of "communications with any consultants or any individual or entity working on behalf of or with GASP in any way" includes communications subject to attorney-client privilege, which has not been waived, such request is impermissible. Where request f) requests "communications with any lawyers, law firms, or anyone acting on their behalf" includes communications subject to attorney-client privilege, which has not been waived, such request is impermissible.

E. <u>Should this Court modify the subpoena, costs of compliance should be borne by the Defendant and not by GASP.</u>

"[A] court in exercising its power under Rule 17(c) of the Federal Rules of Criminal Procedure may, in appropriate circumstances, 'modify' the subpoena" to require that the costs of compliance be borne" by the requesting party. *In re Grand Jury No. 76-3 (MIA) Subpoena Duces Tecum*, 555 F.2d 1306, 1308 (5th Cir. 1977).

7

The costs to comply with this subpoena would be approximately $1000 which is too large amount for this nonprofit. Accordingly, should this Court modify the subpoena as opposed to granting GASP's Motion to Quash the Subpoena, this Court should require the costs of compliance with this request to be borne by the Defendant.

## II. GASP has no direct knowledge about issues relevant to this criminal proceeding, and therefore should not be forced to testify at trial.

Defendant Gilbert has also asked GASP to testify at trial without any reference to what GASP would testify about. GASP has no direct knowledge about Gilbert's alleged crimes. "Although Rule 17(a), which governs such subpoenas, does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles [as 17(c)]." *See Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4,17 (1st Cir. 2000). A witness must be necessary to an adequate defense in order to testify at trial. *U.S. v. Hang*, 75 F.3d 1275, 1282 (8th Cir. 1996). The Defendant has not explained why a witness from GASP is necessary to Defendant's defense against conspiracy, bribery, honest services wire fraud and money laundering conspiracy. The fact that GASP petitioned EPA to expand the superfund sites does not establish the relevance or materiality of any testimony from GASP regarding the Defendant's guilt or innocence of these crimes. *See U.S. v. Dinitz*, 538 F.2d 1214, 1225 (5th Cir. 1976)

8

(affirming denial of motion to produce evidence that was not "used to prosecute the case against [the defendant] but rather . . . used in an investigation into an event which was at best collateral to [the defendant's] case"). Absent the Defendant showing that the individuals under subpoena have direct knowledge about issues relevant to this criminal proceeding, GASP can provide no admissible testimony. *U.S. v. Milton* No. 1265 (M.D. Ala. 2011) (order granting motions to quash subpoenas in part because Defendant could not show specifically how witnesses were necessary to defense) (Exhibit B).

## **CONCLUSION**

Ultimately, the Defendant's subpoena fails to clear the three hurdles, i.e. relevance, admissibility and specificity, established by the Court in *Nixon*, which must be cleared in order to justify production under Fed. R. Crim. P. 17(c) and 17(a), and as such, GASP's Motion to Quash should be granted, or this Court should limit the scope of the subpoena issued to GASP. Should this Court modify the subpoena, the cost of compliance by GASP should be borne by the Defendant.

        Respectfully Submitted,

        **<u>s/ Haley Colson Lewis</u>**
        Haley Colson Lewis
        ASB-1008-R66I
        Attorney for GASP
        2320 Highland Avenue South
        Suite 270
        Birmingham, AL 35205
        205-938-4272
        haley@gaspgroup.org

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Quash has been served on all counsel of record by CM/ECF and/or e- filing on this the 20th day of June, 2018.

**s/ Haley Colson Lewis**
Haley Colson Lewis
ASB-1008-R66I
Attorney for GASP
2320 Highland Avenue South
Suite 270
Birmingham, AL 35205
(205) 938-4272
haley@gaspgroup.org