FILED
2018 Oct-18 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

| Case Name | Conviction Statutes | Loss Amount | Facts | Guidelines Range | Sentence (% reduction from bottom of the Guidelines) | Sentencing Factors |
|---|---|---|---|---|---|---|
| *US v. Greebel* EDNY 2018 | Securities Fraud, Wire Fraud | $10.4 million | The evidence at trial demonstrated that Greebel assisted his co-defendant, the CEO of a company (Greebel's client), in defrauding the client of millions of dollars in order to repay the investors of a hedge fund the CEO ran. | 108 – 135 mos. | 18 mos. (83% reduction) | Judge Kiyo Matsumoto described Greebel's conduct as "egregious" but also noted that Greebel's personal history demonstrated him to be "truly generous and kind." https://www.wsj.com/articles/martin-shkrelis-former-lawyer-sentenced-to-18-months-in-prison-1534541458 |
| *US v. Fattah* EDPA 2016 | RICO, Honest Services Fraud, Bank Fraud, Mail and Wire Fraud, Money Laundering | $1 million | Fattah accepted an illicit $1 million dollar loan from a campaign donor for his Philadelphia mayoral campaign to circumvent contribution limits; repaid the loan with funds stolen from a federal grant to an educational non-profit. | 210 – 262 mos. | 120 mos. (43% reduction) | Judge Harvey Bartle stated that Fattah had "done much good, but also engaged in grave and widespread criminal activity. You abused your trust, time and time again." https://www.politico.com/story/2016/12/chaka-fattah-sentencing-10-years-232507 |
| *US v. Silver* SDNY 2018 | Honest Services Fraud, Hobbs Act extortion, Money Laundering | $4 million | Silver while serving as Speaker of New York State Assembly, obtained from a doctor leads for personal injury cases for a law firm for which he was "of counsel" and also obtained from real estate developers tax certiorari business for | 262 – 327 mos. | 84 mos. (68% reduction) | Silver received over $4 million dollars in payments from the law firms as kickbacks for his referrals. Judge Valerie E. Caproni stated at sentencing, "This crime was driven by unmitigated greed. The bottom line is that Silver wanted to seem to be a man of |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | another firm; both law firms paid referral fees to Silver. Silver used his position in the NY legislature to award grants to the doctor and to vote for tax legislation that favored the developers.  See Generally United States v. Silver, 864 F.3d 102, 119-124 (2nd Cir. 2017) | | | the people while he was using his public position to richly line his own pockets." https://www.nytimes.com/2018/07/27/nyregion/sheldon-silver-sentencing-prison-corruption.html |
| *US v. McDonnell* EDVA 2014 | **Honest Services Fraud, Hobbs Act extortion** | | $175,000 | **McDonnell and his wife accepted lavish gifts (Rolex, use of a Ferrari, and loans) from the CEO for a publicly traded company.  In exchange, McDonnell, in his official capacity as the Governor of Virginia, secured meetings for the CEO with key Virginia state officials and facilitated the CEO handing out $25,000 to state officials to be used for grant applications.** | 120 – 151 mos. | 24 mos. (80% reduction) | **The Supreme Court in overruling the conviction referred McDonnell's conduct as "distasteful;" Judge James Spencer stated at sentencing that McDonnell acted despite warnings about Williams from his staff.  Judge Spencer noted that McDonnell was a "generous, decent man who has done a lot of good" and a sentence within the Guidelines range would be "unfair . . . ridiculous."** McDonnell v. United States, 136 S.Ct. 2355 (2016) https://www.richmond.com/news/virginia/government-politics/mcdonnell-trial-judge-a-price-must-be-paid/article_025024c5-5bbb-5ca3-8772-323a12f37e4b.html |

| | | | | | | |
|---|---|---|---|---|---|---|
| *US v. Siegelman* MDAL 2007 | Federal Program Bribery, Honest Services Fraud | $500,000 + | Facts demonstrated a direct *quid pro quo* exchange. Siegelman solicited a bribe from the CEO of a publicly traded hospital in exchange for a seat on a hospital regulatory board. | 151 – 188 mos. | 78 mos. (48% reduction) | The court increased the potential punishment due to "systematic and pervasive corruption." United States v. Siegelman, 786 F.3d 1322, 1335 (11th Cir. 2015) |
| *US v. Scrushy* MDAL 2007 | Federal Program Bribery, Honest Services Fraud | $500,000+ | Facts demonstrated a direct *quid pro quo* exchange. Scrushy paid a bribe to Alabama's Governor in exchange for a seat on a state hospital regulatory board. | 151 – 188 mos. | 70 mos. (54% reduction) | Siegelman, at 1326. |
| *US v. McNair* (Public Official) NDAL 2006 | Conspiracy, Federal Program Bribery | $63 million (value of contract awarded)/ $851,927 (value of bribes paid) | The case involved bribes to county commissioners in Jefferson County to secure contracts as part of the County's $3 billion sewage contract. Evidence at trial demonstrated that McNair was the Commissioner responsible for approving— among other payments— change orders to the contracts, and could select consulting engineers through a no-bid process. See Generally United States v. McNair, et al., 605 F.3d 1152, 1168-75 (11th Cir. 2010). | 188 – 235 mos./ 63 – 78 mos.[1] | 60 mos. (68% reduction; from the larger loss amount attributed to other defendants) | The evidence was that McNair approved "hundreds of millions" of dollars in payments to the contractors/bribe payers. McNair received envelopes full of cash and free contracting work on his photography businesses. United States v. McNair, et al., 605 F.3d 1152, 1217-24 (11th Cir. 2010) |

---

[1] McNair's PSR calculated his total offense level using the amount of the contract awarded, which resulted in a Guidelines range of 188 – 235 months. However, the trial court determined the loss amount to be the value of the bribes paid to McNair and calculated his Guidelines range to 63-78 months. Unlike McNair, defendant Swann's total offense level was determined based on the profit the bribers received from the contract awarded. Our research indicates that McNair's Guidelines range as calculated by the court was drastically lower than other defendants, even defendants who received much lower bribe payments and conferred less benefit on the bribers. The Eleventh Circuit opinion discussing these sentences provides no explanation for this stark discrepancy in McNair's Guidelines calculation. See United States v. McNair, 605 F.3d 1152, 1216-34 (11th Cir. 2010).

| | | | | | | |
|---|---|---|---|---|---|---|
| *US v. Swann* (Public Employee) NDAL 2006 | Conspiracy, Federal Program Bribery | $42 million/ $23 million (profit from contracts) | Swann reported to McNair and made recommendations regarding the contracts and their performance. Trial evidence was that one of the contractors was paid $50 million to perform work that was originally contracted at $27.8 million. The bribes to Swann were in the form of hundreds of thousands of dollars of renovations at Swann's residence. A significant portion of that work was billed to Jefferson County. See Generally United States v. McNair, et al., 605 F.3d 1152, 1176-80 (11th Cir. 2010). | 188 – 235 mos./ 151 – 188 mos. | 102 mos. (46% reduction) | Judge Scott Coogler sentenced Swann to 102 months, but found that his defense at trial was false, he showed no remorse, and was in a more aggravated position than his bribe payers because he occupied a position of public trust. McNair, at 1224-34. |
| *US v. White* (Public Official) NDAL 2006 | Conspiracy, Federal Program Bribery | $1.3 million | Evidence showed that White as the head of the Jefferson County Commission accepted $22,000 in cash payments from a contractor. The contractor netted $1.3 million dollars on contracts with the County. | 188 – 235 mos. | 120 mos. (36% reduction) | Judge Coogler noted at sentencing that White had done "a lot of admirable things in his life," but that the sentence imposed was warranted because he was a public official and took advantage of his position. United States v. White, 663 F.3d 1207, 127-18 (2011) |
| *US v. Grady Pugh* (Briber) NDAL 2006 | Conspiracy, Federal Program Bribery | $178 million | Both Pugh and his son paid $350,000 in bribes to McNair and were paid over $178 million dollars by Jefferson County. | Unk. Assumed 188 – 235 mos. | 45 mos. (76% reduction) | In addition to the massive contract award, the Government put on evidence at trial that Pugh had moved $20 million to an offshore bank account. http://blog.al.com/spotnews/2 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | **007/04/pugh_sr_gets_jail_time_for_con.html** |
| **\*Other McNair Bribers** | | **Bribes from $375,000 to $475,000; contract awards from $20 million to $60 million** | | **Unk. Assumed 188 – 235 mos.** | **41 to 78 mos.** | **Various media reports.** |