# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**  )  )  **vs**  )  )  **JOEL IVERSON GILBERT**  ) | )  )  **Case 2:17-CR-00419-AKK-TMP** |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JOEL GILBERT'S MOTION FOR RELEASE PENDING APPEAL

Comes now the United States of America, by and through Jay E. Town, United States Attorney for the Northern District of Alabama, and respectfully submits this response in opposition to defendant Joel Gilbert's Motion for Release Pending Appeal (Doc. 301). The defendant's motion should be denied because the defendant fails to present a substantial question of law or fact likely to result in reversal or order for a new trial on all counts.

### BACKGROUND

On July 20, 2018, following a four-week trial, a jury convicted defendant Gilbert and his co-defendant, David Roberson, each of one count of Conspiracy, in violation of 18 U.S.C. § 371; one count of Bribery, in violation of 18 U.S.C. § 666(a)(2); three counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346; and one count of Money Laundering Conspiracy, in violation of

1

18 U.S.C. § 1956(h). The Court sentenced Gilbert to 60 months custody, 24 months supervised release, 200 hours of community service, and a $25,000 fine. After determining that Roberson's advisory sentencing guidelines range was lower than Gilbert's, the Court varied for several reasons, including his son's special circumstances, and sentenced Roberson to 30 months custody, 12 months supervised release, and a $25,000 fine.

As an act of mercy for his family, and without conceding that he could meet the standard for release pending appeal, the United States notified the Court that it did not oppose release pending appeal because of Roberson's unique family responsibilities. Gilbert's reliance on this kind act as his primary basis for release pending appeal is misplaced. Oliver Robinson, the other coconspirator, is scheduled to report to federal prison on November 27, 2018, to begin service of his 33 month sentence.

## LAW

The pertinent statute establishes a strong presumption in favor of detention of a defendant pending appeal from his criminal conviction. Under 18 U.S.C. § 3143, a court is not permitted to grant bail pending appeal unless a defendant makes several independent showings. First, a defendant must prove "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(2)(A). Second, a

defendant must show that his appeal "is not for the purpose of delay." 18 U.S.C. § 3143(b)(2)(B). Third, a defendant must demonstrate that his appeal "raises a substantial question of law or fact." *Id.* A "substantial question" means "a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). That a question is novel or undecided does not mean that it is substantial. *Id.* Finally, a defendant must show that, even if his appeal does raise such a question, a favorable decision on the question is likely to change the outcome —through reversal, a new trial on all counts, or a reduced sentence. 18 U.S.C. § 3143(b)(2)(B). Only if the defendant establishes each of these four elements can bail be granted. *Giancola*, 754 F.2d at 901.

## ARGUMENT

The United States does not contest that Gilbert can meet the first two elements – that he is not likely to flee or pose a danger, and that his appeal is not for purpose of delay. The only contested issues before the Court are (1) whether the defendant raises a substantial question of law or fact, and, if so, (2) whether a favorable decision on that issue is likely to result in reversal or an order for a new trial. The defendant has failed to meet his burden of demonstrating each of these two elements.

**I.    The Defendant Has Failed to Identify Any Substantial Question of Law or Fact.**

The Defendant's motion should be denied because the Defendant has not identified any substantial question of law or fact. Instead, the defendant identifies

3

four issues that involve challenges to the sufficiency of the evidence and the Court's use of pattern jury instructions instead of instructions proposed by the defendant that were contrary to Supreme Court and Eleventh Circuit precedent.

### A. Whether the evidence proves an official act does not present a substantial question.

The defendant's sufficiency of the evidence argument will be reviewed on appeal under the same deferential standard of review that the Court applied in rejecting the defendant's post-trial sufficiency argument. Doc. 300 at 2, 10-15. The appellate court will

> examine the record in the light most favorable to the government, and in that light determine if a reasonable juror could find the defendants guilty beyond a reasonable doubt. It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Martinez*, 763 F.2d 1297, 1302 (11th Cir. 1985) (internal citations and quotations omitted). That court will "resolve any conflicts in the evidence in favor of the government," *Ward,* 197 F.3d at 1079, "accept all reasonable inferences that tend to support the government's case," *id*., and "assume that the jury made all credibility choices in support of the verdict," *United States v. Williams*, 527 F.3d 1234, 1244 (11th Cir. 2008). "If *any* reasonable construction of all of the evidence

would permit a finding of guilt beyond a reasonable doubt, the verdict must be sustained." *United States v. Stroller,* 10 F.3d 1574, 1577 (11th Cir. 1993) (emphasis added).

The Court determined that "substantial evidence supports the jury's verdict," Doc. 300 at 1, and, specifically, that each of the official acts alleged in the Indictment were proven by sufficient evidence, *id*. at 10-15. The defendant's sufficiency of the evidence arguments did not warrant overturning the jury's verdict under Fed. R. Crim. P. 29 and now do not raise a substantial question on appeal. *See United States v. Burk*, 2016 WL 3747608 at *2 (M.D. Ga. 2016) (rejecting argument that sufficiency of the evidence presented a substantial question). "Ordinarily, the sufficiency of the evidence as distinguished from a total lack of evidence does not in itself establish a substantial question: if that were the standard, every case raising this common ground would entitle the defendant to bond pending appeal." *United States v. Fernandez*, 1988 WL 34941 at *2 (S.D. Fla. 1988).

The defendant cites *United States v. Fattah*, 902 F.3d 197 (3d Cir. 2018), in support of his assertion that a new trial will be required if the Eleventh Circuit concludes that the evidence proving any of the listed official acts is insufficient. Motion at 4-7. But the defendant fails to acknowledge that *Fattah* involved harmless error review, where the issue was whether the effect of an erroneous jury instruction was harmless beyond a reasonable doubt, *id*. at 236-44, and not sufficiency of the

evidence review, where reversal is appropriate only if, after applying a standard of review deferential to the jury's verdict, a reasonable trier of fact could not have found that the evidence established guilt beyond a reasonable doubt, *see United States v. Martinez*, 763 F.2d at 1302 (describing the Rule 29 standard of review). Under sufficiency of the evidence review, reversal will not occur if *any* reasonable construction of the evidence permits a finding of guilt beyond a reasonable doubt. *Stroller,* 10 F.3d at 1577. Sufficient proof of one official act will be sufficient to sustain the jury's verdict. *See United States v. Schmitz*, 634 F.3d 1247, 1264 n.12 (11th Cir. 2011) ("We recognize that if the evidence is merely insufficient as to one alternate theory of criminal liability in a particular count, then the conviction will stand as long as the evidence suffices to support any one of the submitted theories."); *United States v. Browne*, 505 F.3d 1229, 1261-62 (11th Cir.2007) (same).

### B. Section 666 clearly does not require proof of an official act and the defendant's argument to the contrary does not present a substantial question.

The Court correctly held that section 666 does not contain an official act requirement. Doc. 109 at 19-20. This ruling was reached after the Court considered *McDonnell*, the plain and different language used in sections 666 and 201, and Eleventh Circuit precedent. At trial, the Court followed the pattern jury instructions when charging the jury on the *McDonnell* requirements.

The defendant, citing *United States v. Jackson*, 688 F. App'x 685, 695 n.8

6

(11th Cir. 2017), a case considered by the Court in its earlier ruling rejecting the defendant's argument, Doc. 109 at 19-20, Doc. 300 at 10 n.6, attempts to present this issue as a close question by arguing that the Eleventh Circuit invited application of the official act requirement to section 666 cases. In *Jackson*, the Court simply noted that the defendant waived the issue; it did not invite presentation of the issue.

Likewise, the defendant's citation of *United States v. Skelos*, 707 F. App'x 733 (2nd Cir. 2017), and *United States v. Pomrenke*, 198 F. Supp. 3d 648, 701 n.7 (W.D. Va. 2016), in an attempt to show a circuit split over this issue is unavailing. In these cases, the courts assumed without deciding that *McDonnell* applied to section 666 because neither party argued otherwise. *Skelos*, 707 F. App'x at 737-38; *Pomrenke*, 198 F. Supp. 3d at 701 n.7.

### C. The defendant's request for a jury instruction regarding proof of an explicit quid pro quo was inconsistent with Supreme Court and Eleventh Circuit precedent and does not present a substantial issue.

The court's refusal to give the defendant's requested quid pro quo instruction does not present a substantial question of law or fact on which the defendant is likely to prevail because the requested instruction is contrary to law. In rejecting the defendants' pretrial argument that proof of an explicit quid pro quo was required because the defendants' hiring of the Oliver Robinson Foundation allegedly implicated First Amendment concerns, and later in rejecting the defendant's proposed jury instruction, the court correctly recognized that *McCormick v. United*

*States*, 500 U.S. 257 (1991), applies only to cases involving campaign contributions. Doc. 109 at 25-27; Doc. 300 at 15-16. Indeed, *McCormick* and *United States v. Siegelman*, 640 F.3d 1159 (11th Cir. 2011), involved campaign contributions and not, as in this case, a consulting contract that was given to influence a public official to illegally use his office on the defendant's behalf. Because the defendant's proposed instruction was an incorrect statement of law and facts, the court did not abuse its discretion by refusing to give the proposed instruction. *See, e.g., United States v. Svelte,* 556 F.3d 1157, 1161 (11th Cir. 2009) (en banc) (refusal to give an instruction is an abuse of discretion only if the requested instruction was a correct statement of the law). The defendant has failed to show that this issue presents a substantial question.

### D. The defendant's objection to the Court's use of the pattern jury instruction defining bribery does not present a substantial issue.

The Court used Eleventh Circuit Pattern Jury Instruction No. 50.2 and language from *McDonnell* to define bribery. Tr. at 4375-77. The defendant's proposed jury instruction number 24, requesting a more robust definition of "advice," Doc. 223 at 38, was correctly rejected because it was an incorrect statement of the law, Tr. at 4286-97. Because the instruction given by the Court was the Eleventh Circuit's pattern instruction and was derived from the language of *McDonnell*, the defendant has failed to demonstrate a substantial question of law. *See United States v. Ramirez*, 2010 WL 11520620 at *5 (M.D. Fla. 2010)

(concluding that defendant's attack on pattern jury instruction did not present substantial issue of law).

## II. The defendant has failed to show that a favorable decision on any substantial issue would result in reversal or order for new trial on all counts.

As explained above, if the evidence sufficiently proves one of the three alleged official acts, the convictions on the honest services fraud counts will stand. And, if the defendant's sufficiency of the evidence of official acts argument is successful as to all three official acts, he would not be entitled to acquittal on the section 666 count. The evidence supporting the jury's convictions of the defendant for violating section 666 is sufficient and unchallenged. The defendant also is not entitled to acquittal on the section 666 count if the Eleventh Circuit accepts his argument regarding the jury instruction on the "advice" element of the honest services charges.

Moreover, the bribery conspiracy charged in Count One and the money laundering conspiracy charged in Count Six stand regardless of the merits of the defendant's arguments about the sufficiency of the proof of an official act and the proposed jury instruction regarding "advice." Count One charged a multiple object conspiracy. Two of the three objects of that conspiracy related to section 666 and one related to honest services fraud. Doc. 1 at 9-10. Count Six is similar in that it adopted all other counts of the Indictment and alleged that the defendants conspired

to launder proceeds of those offenses. Doc. 1 at 32-33. Although the jury returned general verdicts of guilty on the conspiracy counts, the verdicts stand, despite the merits of the defendant's arguments, because the evidence is sufficient to prove that the defendants conspired to violate section 666. *See United States v. McKinley*, 995 F.2d 1020, 1025 (11th Cir. 1993) (citing *Griffin v. United States*, 502 U.S. 46 (1991)) (where an indictment alleges several offenses the charge is sustained by adequate proof of conspiracy to commit any one of those offenses); *Ross v. United States*, 131 F.3d 970, 989-90 (11th Cir. 1997) (same); *Browne*, 505 F.3d at 1261 (same).

If the defendant's arguments regarding the section 666 count are accepted on appeal despite clearly established precedent, the convictions and concurrent sentences on the five remaining counts will stand absent other appellate rulings on those counts favorable to the defendant.

        Respectfully submitted,

        JAY E. TOWN
        United States Attorney


        */s/ George A. Martin, Jr.*
        GEORGE A. MARTIN, JR.
        ROBIN B. MARK
        JOHN B. WARD
        Assistant United States Attorneys
        1801 Fourth Avenue North
        Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I certify that on November 1, 2018, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system and thereby caused a copy to be served on the defendants' counsel of record.

> */s/ George A. Martin, Jr.*
> GEORGE A. MARTIN, JR.
> ROBIN B. MARK
> JOHN B. WARD
> Assistant United States Attorneys
> 1801 Fourth Avenue North
> Birmingham, AL 35203